**James WALKER, Plaintiff,**

v.

**R. Ruben GALLEGOS, Defendant.**

**No. CV 00CV1231 PCT PGR.**

United States District Court,
D. Arizona.

Sept. 28, 2001.

Floyd W Bybee, Esq, Michael Carey Shaw, Esq, Shaw & Bybee Consumer Law Firm, Tempe, AZ, Veronika Fabian, DNA–People's Legal Services, Flagstaff, AZ, for James Walker.

Brian Holohan, Esq, Hinshaw & Culbertson, Phoenix, AZ, for R Ruben Gallegos.

## ORDER

ROSENBLATT, District Judge.

Pending before the Court is the defendant's Motion to Dismiss (doc. # 5), wherein the defendant seeks to have this action dismissed pursuant to Fed.R.Civ.P. 12(b)(6). Having considered the parties' memoranda in light of the allegations of the complaint, the Court finds that the motion should be granted in part and denied in part.[1]

The complaint alleges that the defendant, an attorney, violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., and the Arizona Consumer Fraud Act, A.R.S. § 44–1521 et seq., by filing a Petition for Order Allowing Repossession of Collateral in the Navajo Nation District Court against James Walker, the plaintiff herein, on behalf of the creditor which was the assignee of the retail installment contract and security agreement for a mobile home owned by Walker's deceased mother. The petition filed by the defendant alleged that the creditor was entitled to possession of the mobile home on the ground that there was an arrearage in the payments on it; the

---

[1]. The Court concludes that the decisional process would not be significantly aided by oral argument because the facts and legal arguments are adequately presented in the parties' memoranda.

petition named Walker as the defendant because he was then occupying and in control of the mobile home. The gist of the complaint is that Walker is entitled to damages under the FDCPA and the Consumer Fraud Act because the defendant misrepresented in the petition he filed that his client was entitled to recover remedies from Walker for a breach of contract notwithstanding that Walker was not a party to the financing contract and had never assumed the debt for the mobile home after his mother's death.[2]

■ The Court may dismiss an action pursuant to Fed.R.Civ.P. 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Notwithstanding that this action might fairly be described as making a mountain out of a molehill, taking the factual allegations of the complaint as true and construing them in the plaintiff's favor, the Court cannot conclude at this time that the complaint does not state a claim for at least one or more technical violations of the FDCPA. For example, although the defendant, who contends that the FDCPA claim is frivolous, argues that "a careful reading of the petition indicates that although allegations of the existence and non-payment of the debt exist, they do not allege that the Plaintiff himself was the debtor or owed the money[,]" that is not correct—paragraph 14 of the petition filed by the defendant alleges that "Plaintiff is lawfully entitled to and has a right to immediate possession of the Collateral because Defendant has failed to make the payments under the contract and is in default." Since the defendant does not dispute that James Walker, the sole named defendant in the petition, was not personally liable for the debt, the quoted allegation of the petition could conceivably be deemed to be an "unfair or unconscionable means to collect or attempt to collect any debt" in violation of 15 U.S.C. § 1692f. *Cf. Kimber v. Federal Financial Corp.*, 668 F.Supp. 1480, 1487–88 (M.D.Ala.1987) (A debt collector's filing of a lawsuit on a debt to which there appears to exist a complete defense, without first making a reasonable inquiry as to whether the defense is in fact not complete, is an unfair and unconscionable means of collecting the debt in violation of § 1692f.)

■ The Court can conclude, however, that the Arizona Consumer Fraud Act claim fails to state a claim upon which relief can be granted and that it cannot be amended to state such a claim. A.R.S. § 44–1522(a) requires that the deception or misrepresentation at issue be in "connection with the sale or advertisement of any merchandise" in order to be actionable as consumer fraud. The allegations of the complaint, even taken as true and construed in Walker's favor, do not as a matter of law involve the sale or advertisement of merchandise as those terms are defined in the Consumer Fraud Act. While the underlying consumer loan transaction between Walker's mother and the defendant's client's assignor fell within the pur-

---

2. According to the complaint, the Navajo Nation District Court entered an order allowing the repossession even though neither Walker's mother, the actual purchaser, nor her estate, were named as defendants in the petition.

According to the defendant's response, Walker appeared at the hearing in the Navajo Nation District Court and conceded the defendant's client's right to possession and execut-

ed a voluntary surrender agreement. The defendant also states that the judgment against Walker allowing the repossession was not reported to any credit reporting agency. As Walker points out, these factual allegations are outside the scope of the pleadings and are not properly before the Court on a Rule 12(b)(6) motion.

view of the Consumer Fraud Act, *see Villegas v. Transamerica Financial Services, Inc.,* 147 Ariz. 100, 708 P.2d 781 (App.1985) (Court concluded that the lending of money is subject to the provisions of the Arizona Consumer Fraud Act), allegations made in a complaint to repossess collateral are too attenuated from the underlying loan sale/advertisement to come within the statute's purview. Therefore,

IT IS ORDERED that the plaintiff's Motion for Leave to File Surreply (doc. # 14) is denied.[3]

IT IS FURTHER ORDERED that the defendant's Motion to Dismiss (doc. # 5) is granted in part and denied in part. It is granted to the extent that Count II of the Complaint, the Arizona Consumer Fraud Act claim, is dismissed with prejudice pursuant to Fed.R.Civ.P. 12(b)(6), and it is denied as to Count I, the Fair Debt Collection Practices Act claim.

IT IS FURTHER ORDERED that the parties shall submit their Joint Case Management Report in compliance with the Order Setting Scheduling Conference (doc. # 2) no later than **November 5, 2001.**

IT IS FURTHER ORDERED that the Scheduling Conference shall be held on **Monday, November 19, 2001 at 1:30 p.m.** in Courtroom 601.

---

**3.** The Court concludes that the plaintiff's requested sur-reply, which the plaintiff states would demonstrate that misrepresentations made in the connection with the sale of merchandise include misrepresentations made while collecting the debt arising out of the sale of that merchandise, would not aid the decisional process given the Court's determination, made after its own independent review of the governing law, that the allegations set forth in the defendant's petition do not fall within the purview of the Arizona Consumer Fraud Act.